## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | |
| **CHARTER HOME HEALTH, L.L.C, ET AL.** | **NO. 19-00881-BAJ-RLB** |

### RULING AND ORDER

Before the Court is Plaintiff's **Motion for Default Judgment Against All Defendants (Doc. 19)**. Plaintiff sued Defendants Charter Home Health, LLC, Wandell Ray Rogers, and Jo Allyson Williams, alleging that they failed to materially comply with their obligations under the June 26, 2017 Settlement Agreement ("Settlement Agreement") between the parties which resolved the civil action captioned, *United States v. Charter Home Health, LLC et al.*, No. 14-00037-BAJ-EWD. Defendants have been served but have not responded. The Clerk of Court entered preliminary defaults as to both Defendants and notified both Defendants. Plaintiff now moves for issuance of default judgment against both Defendants. For the reasons assigned, the Court grants Plaintiff's motion

## I.  BACKGROUND

### A. Alleged Facts

This is a breach of contract action, allegedly arising from Defendants' failure to comport with the terms of a settlement agreement. Plaintiff filed a civil complaint against Defendants on January 1, 2014, alleging that Defendants engaged in a

variety of unlawful conduct from January 2003 to December 2012. (Doc. 1, at ¶ 8). The parties agreed to settle the claim, subject to certain terms and conditions memorialized in the Settlement Agreement. (Doc. 1-1, the "Settlement Agreement"). The Defendants agreed to pay Plaintiff $1,700,000 (the "Settlement Amount") in exchange for a release of certain monetary and administrative rights and claims of the Government. (Doc. 1, at ¶ 12).

Fifty thousand dollars was due upon the effective date of the Settlement Agreement, while the remaining balance of $1,650,000, plus interest at a rate of 2.375% (the "settlement interest rate") from the date of settlement, was to be paid in accordance with a payment schedule of escalating monthly payments over a period of five years. (Doc. 19-1, at p. 2; Settlement Agreement at p. 3). Consecutive monthly installments of $20,000.00 were to be paid from July 1, 2017 to May 1, 2018. (Settlement Agreement at ¶ 1(c)(i)). Then, consecutive monthly installments of $29,792.00 were to be paid beginning on or before June 1, 2018, through on or before April 1, 2022. *Id.* at ¶ 1(c)(ii) A final payment of $29,776.00, plus interest, was to be paid beginning on or before May 1, 2022. *Id.* at ¶ 1(c)(iii).

Defendants agreed that if they failed to pay any of the amounts in full within fifteen days of the payment due date, they would be in default. *Id.* at ¶ 1(e). The default provisions are governed by Paragraph 10 of the Settlement Agreement. *Id.* Paragraph 10 provides that the Government will give Defendants written notice of the default and allot Defendants five business days to cure any deficiencies in payment. *Id.* at ¶ 10.

However, in the event Defendants failed to cure their default, the Settlement Agreement provided the Government with three avenues of recompense. First, the Government could rescind the agreement and file suit based on the same conduct. *Id.* at ¶ 10(a). Second, the Government could accelerate the unpaid balance of the Settlement Amount and make it immediately due and payable, with interest accruing at an annual daily compounding interest rate of 4% from the date of default. *Id.* at ¶ 10(b). Defendants also agreed that if the Government is required to exercise its rights under Paragraph 10(b) to collect the debt, they would pay the Government "all reasonable costs of collection and enforcement under [Paragraph 10], including attorney's fees and expenses." *Id.* The third option, which could be pursued in addition to the two previously mentioned options, is that the Office of the Inspector General for the United States Department of Health and Human Services could exclude the Defendants from participating in Federal health care programs until the Settlement Amount and associated costs and fees are paid. *Id.* at ¶ 10(c).

Since executing the Settlement Agreement on June 26, 2017, Defendants have only paid $275,000 in twelve nonconsecutive payments. (Doc. 19-1, at p. 2). (Doc. 1-2, at p. 2). Defendants allegedly failed to make payments in the following months: September 2017, February 2018, April 2018, May 2018, and July 2018. *Id.* According to the Plaintiff, Defendants have made only one payment, in March 2019, since July 2018. *Id.*

The Government allegedly gave Defendants notice of their default on March 27, 2019, which alerted Defendants to the fact that they were delinquent on

over $300,000 of required payments. (Doc.1-2, at p. 1). The notice gave Defendants until Friday, April 26, 2019, to make all past-due payments owed to Plaintiff, including interest, and to resume full payments. *Id.* Defendants did not respond to that notice, nor have they filed any responsive pleadings or entered an appearance in the instant action for breach of contract, despite the fact that the Clerk of Court entered defaults against all the Defendants in March 2020. (Doc. 10, Doc. 13).

## II.    STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. The United States Court of Appeals for the Fifth Circuit has adopted a three-step process for the entry of default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.; New York Life*, 84 F.3d at 141. Third, a party may apply to the Court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, the Court must ascertain if the entry of default judgment is procedurally justified. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly

4

established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the Court would think itself obliged to set aside the default on a motion by Defendant. *Id.* Default judgments are disfavored due to a strong policy in favor of decisions on the merits and against resolution of cases through default judgments. *Id.* Default judgments are "available only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) (citation omitted).

Second, the Court must determine whether the plaintiff's complaint sufficiently sets forth facts establishing that it is entitled to relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.,* No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016). A default judgment may be supported by "well-pleaded allegations, assumed to be true." *Id.* (citing *Thomson v. Wooster,* 114 U.S. 104, 5 (1885)). The Defendant, however, is "not held to admit facts that are not well-pleaded or admit to conclusions of law." *Id.*

Once the above process is complete, the Court must determine what form of relief Plaintiff should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986,* 548 F.Supp.2d 381, 384 (W.D. Tex. 2008). A defaulting defendant "concedes the truth of the allegations of the Complaint concerning defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.,* 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011). Generally, "damages

are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *J & J Sports Prods. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814; *See also United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, no hearing is required when "the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.  Analysis

### A. Whether Default Judgment is Procedurally Justified

The Court must first decide whether the entry of default judgment is procedurally justified, by considering the *Lindsey* factors. First, there are no material issues of fact, as Defendants have failed to file an answer or motion under Rule 12. Second, Plaintiff has also been subjected to substantial prejudice, as it is still owed over 1.4 million dollars in principal and interest under the terms of the Settlement Agreement, which has gone unpaid for over a year. Third, there is no indication that Defendants' defaults or their lack of payment are due to excusable neglect or good faith mistake. Fourth, Defendants have failed to avail themselves of the opportunity to explain their default at any point over the last two years, which mitigates the harshness of a default judgment. Fifth, The Court is also not aware of any facts that would lead it to set aside the default judgment if challenged by the Defendants.

Sixth, grounds for default have been clearly established. On December 20, 2019, Plaintiff commenced this lawsuit. (Doc. 1). Plaintiff then filed executed Waivers of Service for Defendants Jo Allyson Williams and Charter Home Health on January 30, 2020. (Doc. 3, Doc. 4). Defendant Wandell Ray Rogers was

personally served with a copy of a summons and the Complaint on March 4, 2020.

(Doc. 8). Because no Defendant filed a responsive pleading or entered an appearance,

the Clerk of Court entered defaults against all Defendants.

The Court therefore finds that the six *Lindsey* factors weigh in favor of default.

### B. Whether Plaintiff's Complaint Establishes a Viable Claim for Relief

A default judgment "must be supported by well-pleaded allegations and must

have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.,*

788 F.3d 490, 498 (5th Cir. 2015) (citing *Nishimatsu,* 515 F.2d at 1206). Pleading

requirements for a default judgment are similar to those governed by Rule 8 of the

Federal Rules of Civil Procedure. *Wooten,* 788 F.3d at 498. Rule 8 requires "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). The primary purpose of Rule 8(a)(2) is to "give the defendant fair

notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v.*

*Gibson,* 355 U.S. 41, 47 (1957).

Plaintiff sued for breach of contract. The Settlement Agreement is governed by

the laws of the United States. *Settlement Agreement* at ¶ 21. As such, federal common

law applies. "The elements of a breach of contract claim under federal common law

are: (1) a valid contract between the parties, (2) an obligation or duty arising out of

the contract, (3) a breach of that duty, and (4) damages caused by the breach." *Express*

*Damage Restoration, LLC v. Wright Nat'l Flood Ins. Co.,* No. 1:19-cv-24127-JLK, 2019

WL 6699702, at *2 (S.D. Fla. Dec. 9, 2019) (citation omitted).

Plaintiff argued in its Complaint that the parties entered into a valid contract in the form of the Settlement Agreement, that Defendants were obligated under the Settlement Agreement to make payments, and that the Defendants failed to make those payments. (Doc. 1, at ¶¶ 19–28). By defaulting on their payment obligations, Defendants caused Plaintiff damages. These facts are unopposed, as Defendants have not filed an opposition. Thus, Plaintiff's complaint establishes a valid claim for relief.

### C. Calculation of Damages

Plaintiff requested that judgment be entered against the Defendants for: (1) the unpaid balance of the principal, plus accrued interest; (2) all reasonable costs of bringing this action, including attorney's fees and expenses; (3) contractual interest at the rate of 4% per annum compounded daily from the date of Defendants' default on the unpaid balance of the principal, plus accrued interest. (Doc. 1, at ¶ 29). In the alternative, Plaintiff requested specific performance of the Settlement Agreement, "including an order requiring Defendants to execute a consent judgment in favor of the United States for the unpaid balance of 1.425 million dollars in principal, plus accrued interest owed to the United States under the Settlement Agreement." *Id.*

Plaintiff justifies the damages sought with the Settlement Agreement's terms and a declaration of Rachel Gallien, a paralegal specialist in the Financial Litigation Unit of the U.S. Attorney's Office for the Middle District of Louisiana. (Settlement Agreement; Doc. 19-2). A review of the record reflects that the amount Plaintiff is owed is "one capable of mathematical calculation" based on the supporting documentation submitted and, therefore, a hearing is not required. *James*, 6 F.3d at 310 (5th Cir 1993).

8

The unpaid principal on the debt owed by Defendants is $1,425,000. (Doc. 19-2, at ¶ 6). Interest accrued at the settlement interest rate between June 12, 2018 and April 26, 2019.[1] Following the April 26, 2019 default date, interest accrued and continues to accrue at an annual rate of 4%, compounded daily. The Plaintiff is also entitled to post-judgment interest under 28 U.S.C. § 1961.[2]

The initial principal Defendants owed was $1,700,000. As Plaintiff has agreed to waive interest on Defendants' debt from the effective date of the Settlement Agreement through June 12, 2018, all payments prior to June 13, 2018 went directly to the principal. Defendants made the required initial $50,000 payment, and seven subsequent payments of $20,000. Therefore, Defendants owed $1,510,000 when interest began to accrue. After their payment on June 13, 2018, including a single day of interest, they owed $1,490,165.48. They accrued $35,792.09 in interest between June 13, 2018 and March 8, 2019, when Defendants made their final payment. After the March 8, 2019 payment of $65,000, Defendants owed $1,460,957.57. Defendants accrued $4,658.05 in interest until their default on April 26, 2019. Therefore, the total amount owed upon default was $1,465,615.62. Following default, Defendants accrued $96,709.75 in interest due to the higher 4% rate. Defendants therefore owe $1,524,240.25 as of this date, not including any post-judgment interest or attorney's fees.

---

[1] Plaintiff agreed to waive interest on Defendants' debt from the effective date of the Settlement Agreement through June 12, 2018. *See* Doc. 19-2, at p. 2.

[2] "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . .Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961.

### D. Attorney's Fees

The Settlement Agreement also stated that Defendants, in the event of default, would pay "all reasonable costs of collection and enforcement under [Paragraph 10], including attorney's fees and expenses." Settlement Agreement, at ¶ 10(b). Plaintiff has not provided any documentation regarding attorney's fees. Therefore, Plaintiff must submit separate documentation on the amount of attorney's fees before judgment can be entered for such fees and costs.

## IV.   Conclusion

Because the Plaintiff has demonstrated that Defendants have defaulted on their Settlement Agreement obligations, and because Defendants have failed to appear or otherwise defend this action, default judgment is warranted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Jo Allyson Williams, Wandell Ray Rogers, and Charter Home Health, LLC, are jointly and severally liable for, and shall pay to Plaintiff, $1,425,000 for unpaid principal.

**IT IS FURTHER ORDERED** that Defendants Jo Allyson Williams, Wandell Ray Rogers, and Charter Home Health, LLC, are jointly and severally liable for, and shall pay to Plaintiff, predefault interest, calculated as simple interest at the annual rate of 2.375% from June 12, 2018 through April 26, 2019, in the amount of $40,450.14.

**IT IS FURTHER ORDERED** that Defendants Jo Allyson Williams, Wandell Ray Rogers, and Charter Home Health, LLC, are jointly and severally liable for, and

shall pay to Plaintiff, contractual interest, calculated as simple interest at the annual rate of 4% from April 26, 2019 to the date of this order in the amount of $96,709.75.

**IT IS FURTHER ORDERED** that Defendants Jo Allyson Williams, Wandell Ray Rogers, and Charter Home Health, LLC, are jointly and severally liable for and shall pay to Plaintiff post-judgment interest at the rate provided by 28 U.S.C. § 1961, which shall be computed daily and compounded annually until this Judgment has been paid in full.

**IT IS FURTHER ORDERED** that Plaintiff shall submit supporting documentation regarding attorney's fees no later than twenty-one days' after the filing of this order.

A separate judgment will be issued.

Baton Rouge, Louisiana, this _10th_ day of December, 2020

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**